IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNARD M. McKENZIE,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 3:25-cv-03217-B-BT |
| KROGER FULFILLMENT<br>NETWORK LLC et al.,<br>　　Defendants. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Motion to Compel Arbitration and Stay Lawsuit Pending Arbitration (ECF No. 10) and Defendant's Motion to Compel Deposition of Plaintiff and Discovery Responses or, in the Alternative, Motion to Dismiss for Failure to Prosecute (ECF No. 23). On June 3, 2026, the Magistrate Judge convened a scheduled hearing to address these pending motions. *See* Order Setting Hearing (ECF No. 25). Despite an order requiring his personal attendance, Plaintiff failed to appear.

For the reasons eloquently stated on the record by defense counsel at the June 3 hearing and the reasons stated below, the District Judge should **DISMISS** this action **WITH PREJUDICE**. *See Global Advantech Resources Ltd. v. Brown et al.*, No. 25-20413, at 15 n.20 (5th Cir. May 27, 2026) (per curiam) ("A lengthy, detailed recitation of reasons [for a district court's ruling] is unnecessary. Certainly, a concise explanation can be brief but yet sufficiently informative. In fact, a statement that the court's decision is made 'for the reasons set forth in [a

1

party's] brief' or that '[one of the parties] has the better argument, is persuasive, etc.,' sometimes is enough.").

Plaintiff Kennard M. McKenzie initiated this lawsuit in Texas state court, and Defendant Kroger Fulfillment Network LLC timely removed the case to federal court. *See generally* Not. of Removal (ECF No. 1). Since removal, Plaintiff has engaged in a continuous pattern of non-compliance, displaying a stubborn resistance to this Court's authority and the Federal Rules of Civil Procedure. Specifically, Plaintiff has (1) failed to register as a CM/ECF user by the Court's January 20, 2026 deadline (*see* ECF No. 15); (2) failed to respond to Defendant's written discovery requests (*see* ECF No. 23); (3) refused to appear for his deposition (*see id.*); and (4) failed to attend the June 3 hearing in person (*see* ECF No. 25). Furthermore, defense counsel represented to the Court that Plaintiff expressly communicated to her that he has no intention of participating in discovery. Plaintiff has made no effort to justify his absences or persuade the Court that he intends to prosecute this action in accordance with the Federal Rules or Court orders.

Additionally, the Court notes that Plaintiff's Complaint (ECF No. 1-6) and Motion to Compel Arbitration (ECF No. 10) contain pervasive indicators that Plaintiff utilized an AI-generative tool to draft his filings without disclosing the fact, in violation of this Court's Local Rules. *See* N.D. Tex. Loc. Civ. R. 7.2(f).

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action with prejudice if a plaintiff fails to prosecute his case or comply with court

2

orders. Fed. R. Civ. P. 41(b). Dismissal with prejudice is a severe sanction, appropriate only when there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *Haynes v. Turner Bass & Assocs.*, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam).

The record here demonstrates a clear, deliberate refusal by Plaintiff to respect judicial processes. Given Plaintiff's express statements that he will not participate in discovery, lesser sanctions would be futile. Therefore, dismissal with prejudice under Rule 41(b) is appropriate. *See Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (affirming district court's dismissal of action under Rule 41(b) due to the plaintiff's repeated failures to appear for deposition); *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1085 (5th Cir. 1985) (per curiam) (affirming dismissal with prejudice due to the plaintiff's repeated failure to appear for deposition and comply with court orders).

The District Judge should **GRANT** Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 23), **DENY AS MOOT** Plaintiff's Motion to Compel Arbitration (ECF No. 10), and **DISMISS** this action **WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b).

**SO RECOMMENDED**

June 4, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

## <u>INSTRUCTIONS FOR SERVICE AND</u>
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).